IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-385-GCM-DCK

| | |
|---|---|
| **DANIEL THOMAS FINN** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**KILOLO KIJAKAZI,** )<br>**Acting Commissioner of Social Security,** )<br>)<br>**Defendant.** )<br>) | **MEMORANDUM AND**<br>**RECOMMENDATION** |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Summary Judgment" (Document No. 16) and "Defendant's Motion For Summary Judgment" (Document No. 18). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b). After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will respectfully recommend that "Plaintiff's Motion For Summary Judgment" be denied; that "Defendant's Motion For Summary Judgment" be granted; and that the Commissioner's decision be affirmed.

## I. BACKGROUND

Daniel Thomas Finn ("Plaintiff" or "Finn"), through counsel, seeks judicial review of an unfavorable administrative decision on an application for disability benefits. (Document No. 1). On May 11, 2015, Plaintiff filed applications for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, and for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383, alleging an inability to work due to a disabling condition beginning May 1, 2015. (Transcript of the Record of Proceedings ("Tr.") 114); see also (Document No. 17, p. 1). The Commissioner of Social Security

(the "Commissioner" or "Defendant") denied Plaintiff's application initially on December 18, 2015, and again after reconsideration on March 18, 2016. (Tr. 114, 137, 143). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> On your application you stated that you are disabled because of heart conditions, depression, and anxiety.
> The medical evidence shows that your condition will not remain severe enough for 12 continuous months to be considered disabling. You are able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties. Although the condition is severe, it is not expected to remain disabling for at least twelve continuous months as the law requires.
> We do not have sufficient vocational information to determine whether you will be able to perform any of your past relevant work in the future. However, based on the evidence in file, we have determined that you will be able to adjust to other work.
>
> It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 143).

Plaintiff filed a timely written request for a hearing on April 8, 2016. (Tr. 46, 114). On May 2, 2018, Plaintiff appeared and testified at a hearing before Administrative Law Judge Susan Poulous (the "ALJ"). (Tr. 114, 2451-2489). In addition, James Miller, a vocational expert, and Michael Ogden, Plaintiff's attorney, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on August 8, 2018, denying Plaintiff's claim. (Tr. 114-124). Plaintiff filed a request for review of the ALJ's decision, which was granted by the Appeals Council, remanding the case to the ALJ, on or about April 23, 2019. (Tr. 131-134).

Upon remand, the ALJ held another hearing on November 13, 2019. (Tr. 18, 2419-2450). At the second hearing, Plaintiff was represented by attorney Brooks Huse, and Luis Suess, a vocational expert (the "VE"), also appeared at the hearing. Id. The ALJ again issued an

2

unfavorable decision on January 31, 2020.  (Tr. 18-28).  The second ALJ decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for further review on or about May 12, 2020.  (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on July 15, 2020.  (Document No. 1).  On September 11, 2020, the undersigned was assigned to this case as the referral Magistrate Judge.

"Plaintiff's Motion For Summary Judgment" (Document No. 16) and "Plaintiff's Memorandum Of Law In Support Of A Motion For Summary Judgment" (Document No. 17) were filed April 22, 2021;  and the "Defendant's Motion For Summary Judgment" (Document No. 18) and "Memorandum Of Law In Support Of Defendant's Motion For Summary Judgment" (Document No. 19) were filed June 22, 2021.  Plaintiff declined to file a reply brief, and the time to do so has lapsed.  See Local Rule 7.2 (e).

The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Graham C. Mullen is now appropriate.

## II.     STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to:  (1) whether substantial evidence supports the Commissioner's decision;  and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971);  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence.  Hays, 907 F.2d at 1456 (4th Cir. 1990);  see also, Smith v.

3

Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). "[A] reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Peace v. Berryhill, 2019 WL 2406626, at *1 (4th Cir. June 7, 2019) (quoting Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017)). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, between May 1, 2015, and the date of the decision.[1]

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

4

(Tr. 19, 28). To establish entitlement to benefits, Plaintiff has the burden of proving disability within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 27-28).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since May 1, 2015, the alleged disability onset date. (Tr. 21). At the second step, the ALJ found that "coronary artery disease with defibrillator implant, status post myocardial infarction,

5

degenerative disc disease, degenerative joint disease status post right knee replacement" were severe impairments.[2] (Tr. 21). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 22).

Next, the ALJ assessed Plaintiff's RFC and found that Plaintiff retained the capacity to perform light work activity, with the following limitations:

> occasionally climb ladders, ropes and scaffolds and can frequently balance, stoop, and climb ramps and stairs.

(Tr. 23). In making this finding, the ALJ "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSR 16-3p." Id.

At the fourth step, the ALJ held that Plaintiff could not perform past relevant work as a truck driver, mechanic, and construction worker. (Tr. 27). At the fifth and final step, the ALJ concluded based on the testimony of the VE and "[c]onsidering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. Id. Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included a small parts assembler, a laundry folder, and an electronics worker. (Tr. 28). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, between May 1, 2015, and the date of the decision, January 31, 2020. Id.

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

6

Plaintiff on appeal to this Court alleges that the ALJ erred by failing to: (1) properly consider the opinion(s) of Plaintiff's treating physician; and (2) by providing a mental RFC assessment that is not supported by substantial evidence. (Document No. 17, p. 6). The undersigned will discuss each of these contentions in turn.

**A.   Treating Physician Opinion**

In the first assignment of error, Plaintiff argues that the ALJ "failed to follow the treating physician rule and rejected Dr. Covington's opinion without providing appropriate reasons." (Document No. 17, p. 6). Plaintiff further argues that the ALJ improperly relied on the state agency consultant's opinion to support the RFC, because that opinion did not consider Plaintiff's severe spinal and knee impairments. Id.

Plaintiff notes that "a treating physician's opinion on the nature and severity of the claimed impairment is entitled to controlling weight if it is well-support by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." (Document No. 17, p. 6) (quoting Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001)).

Plaintiff suggests that the ALJ erred by rejecting the "Physical Assessment" completed by Dr. Melony K. Covington ("Dr. Covington") on February 8, 2016. (Document No. 17, p. 7) (citing Tr. 830). Dr. Covington diagnosed Plaintiff with cardiomyopathy, coronary artery disease, hypertension, and myocardial infarction. Id. Dr. Covington further indicated that Plaintiff could occasionally lift less than ten (10) pounds, but never more, and that he "may never return to work." Id.

Plaintiff acknowledges that the ALJ opined that Dr. Covington "does not cite the evidence relied upon to determine these limitations" and that Dr. Covington's "opinion is not supported by the State agency opinions or the relatively benign objective evidence and exam findings contained

7

throughout the record." (Document No. 17, pp. 7-8) (citing Tr. 26) (citing Tr. 830-831). Nevertheless, Plaintiff contends that "these are not good reasons" and fail to adequately support the rejection of Dr. Covington's assessment. Id. Plaintiff argues that other treatment notes in the record support Dr. Covington's "Physical Assessment" on February 8, 2016. (Document No. 17, p. 8) (citing Tr. 512, 704, 818).

Plaintiff further argues that the ALJ "erred by relying on the state agency consultant's opinion despite evidence of new conditions, conditions the state agency consultant was not aware of because they were not yet diagnosed." (Document No. 17, p. 10). Plaintiff notes that the Appeals Council's remand directed the ALJ to consider the impact of evidence after the state agency consultant's opinion. Id. (citing Tr. 132-133); see also (Tr. 18).

According to Plaintiff,

> the state agency consultant did not have any evidence of Plaintiff's degenerative disc disease or his knee impairment. Therefore, the state agency consultant's opinion cannot be representative of all Plaintiff's severe impairments, and the ALJ should not have relied upon the opinion to support her RFC. Instead, the ALJ should have obtained an updated opinion to determine Plaintiff's limitations. Her failure to do so is error warranting remand.

(Document No. 17, p. 12).

Based on the foregoing, Plaintiff concludes that the "ALJ's rejection of Dr. Covington's opinion in favor of non-examining state agency consultant's opinion is not supported by substantial evidence." Id.

In response, Defendant asserts that the ALJ appropriately evaluated the medical opinions. (Document No. 19, pp. 7-12). Defendant argues that the ALJ correctly declined to "give controlling weight to Dr. Covington's opinion because it was not consistent with the other evidence in the record." (Document No. 19, p. 7). Moreover, "the ALJ correctly added that Dr. Covington

8

Case 3:20-cv-00385-GCM-DCK   Document 20   Filed 04/26/22   Page 8 of 13

did not identify or discuss any evidence in support of her statements." Id. (citing Tr. 26) (citing Tr. 830-831).

Defendant notes that "when a treating source is inconsistent with other evidence in the record, or if clinical evidence does not support the opinion, that opinion 'should be accorded significantly less weight,' regardless of its source." Id. (quoting Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996)).

Defendant contends that the ALJ here adequately explained that the record does not support the limitations in Dr. Covington's "Physical Assessment," and that the ALJ discussed other evidence supporting her decision. (Document No. 19, p. 8) (citing Tr. 24 and 26) (citing Tr. 1271, 1288, and 1289). The ALJ acknowledged Plaintiff's "history of treatment for coronary artery disease, myocardial infarction, and stenting" and "discussed objective evidence showing normal cardiovascular findings at multiple points throughout the record." Id.

Defendant also notes that the ALJ discussed findings that arose related to Plaintiff's January 2019 car accident. (Document No. 19, p. 9) (citing Tr. 25) (citing Tr. 1956, 1783). Included in those findings was an "unremarkable" examination, "with no evidence of acute chest pain, shortness of breath, or tachycardia." Id. Also included in the findings post-accident were positive tests for cocaine and marijuana. Id.

Defendant concludes that the ALJ properly considered the entire record in evaluating Dr. Covington's opinion and adequately explained why she did not assign it controlling weight. (Document No. 19, p. 12).

Similarly, Defendant argues that the ALJ appropriately explained why she gave significant weight to the opinion evidence of the non-examining State agency sources. (Document No. 19, pp. 12-14). Defendant acknowledges that the consultants issued their opinion without having had

the opportunity to review the entire record, but the ALJ did review that record, and found "the consultant's opinions were 'consistent with the objective medical evidence, exam findings, and clinical observations contained throughout the record and highlighted above.'" (Document No. 19, p. 12) (quoting Tr. 26). Defendant goes on to list numerous objective findings discussed in the ALJ decision. (Document No. 19, pp. 12-13) (citations omitted). Among those, Defendant identifies the ALJ's consideration of Plaintiff's degenerative disc disease and elective knee replacement surgery. (Document No. 19, p. 13) (citing Tr. 24-25) (citing Tr. 1288-1289, 1297-1298, 1363, 1712, 1956).

In conclusion, Defendant states that "[r]egardless of what consultants reviewed, the ALJ had the opportunity to examine and evaluate the entire record." (Document No. 19, p. 13).

The undersigned finds Defendant's arguments and authority most persuasive. The ALJ decision indicates that the full record was considered, and as such, the ALJ's decision to give less weight to Dr. Covington's opinion appears to be supported by substantial evidence.

The ALJ explained the weight he gave to the State agency consultants "[i]n contrast" to the physical assessment performed by Dr. Covington. (Tr. 26). The ALJ thoroughly discussed other medical evidence throughout the relevant time period. (Tr. 23-26). Moreover, the ALJ notes "many inconsistencies throughout the record," and described Plaintiff's daily activities and ability to take care of his personal needs, as well as his admission that he "smokes a pack of cigarettes a day and frequently smokes marijuana." (Tr. 21-23).

The undersigned respectfully disagrees with Plaintiff's allegation that the ALJ failed to properly consider Dr. Covington's opinion and issued an RFC determination that was unsupported by substantial evidence. As such, the undersigned finds no cause for reversal or remand based on Plaintiff's first issue.

**B.     Mental RFC Assessment**

Next, Plaintiff contends that the "mental RFC is not supported by substantial evidence because the only opinions in the record were provided without access to any of Plaintiff's mental treatment records." (Document No. 17, p. 13). Plaintiff seems to suggest that the ALJ's decision "is not based upon any of Plaintiff's psychiatrist's treatment notes" and that the decision failed to "actually discuss Dr. Shukla's treatment notes." Id. Plaintiff argues that his mental impairments were not "well controlled." (Document No. 17, pp. 14-15) (citations omitted).

Plaintiff further argues that the ALJ failed to consider significant evidence of mental impairments, and that she improperly relied on a state agency consultant's opinion that did not have access to Dr. Shukla's treatment notes. Plaintiff concludes that this case must be remanded for proper consideration of Plaintiff's mental impairments. (Document No. 17, p. 16).

In response, Defendant contends that the ALJ correctly evaluated Plaintiff's mental impairments and found them to be non-severe. (Document No. 19, p. 14). Defendant notes that the ALJ decision included discussion of the following evidence:

> statements Mr. Finn made in disability reports to the agency, including that he had no limitations in his ability to attend to his personal needs and also attend to some chores, such as cooking, vacuuming, and shopping. (Tr. 21, 379-380.) The ALJ also cited multiple records showing examination findings indicating that medication controlled Mr. Finn's symptoms. (Tr. 1570, 1597, 1611, 1891, 1909, 1921, 1955, 1978, 2061.) As the ALJ discussed, these notes also show that Mr. Finn was able to maintain the concentration, persistence, and pace necessary to attend to tasks, that he could interact appropriately with others, and that he had the ability to adapt to stress and manage himself. (Tr. 21-22.) For example, an April 2018 treatment note indicated that Mr. Finn "did pretty good" coping with the anniversary of his son's death and was cooperative in therapy. (Tr. 1921.) Similarly, in June 2018, Mr. Finn was "less anxious, less depressed" and compliant with medications and therapy. (Tr. 1909.) And, a September 2018 treatment note indicated that Mr. Finn was compliant with medication and therapy and was able to attend to parenting duties

11

> by using coping skills. (Tr. 1891.) None of these notes indicate difficulties with concentration, coping with stress, or other work-related limitations.

(Document No. 19, p. 15).

Defendant emphasizes that "while Mr. Finn's mood and affect were depressed, his judgment and thought content were normal and there is no evidence of difficulties that might be associated with work-related limitations." (Document No. 19, p. 16).

The undersigned again finds Defendant's argument persuasive. Moreover, Plaintiff has declined the opportunity to provide any rebuttal to Defendant's arguments.

The undersigned also observes that ALJ Poulous' original decision on August 8, 2018, provided greater detail regarding Plaintiff's mental health treatment and evaluations. (Tr. 121-122). Notably, the Appeals Council's remand instructions did not require any further consideration of Plaintiff's mental health. (Tr. 132-133).

## IV. CONCLUSION

The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be affirmed.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: "Plaintiff's Motion For Summary Judgment" (Document No. 16) be **DENIED**; the "Defendant's Motion For Summary Judgment" (Document No. 18) be **GRANTED**; and the Commissioner's determination be **AFFIRMED**.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 208). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: April 25, 2022

David C. Keesler
United States Magistrate Judge